# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS, | CASE NO. 1:11-cv-02123-BAM |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AS UNNECESSARY |
| v. | (ECF No. 7) |
| UNITED STATES, | |
| Defendant. | |

Plaintiff Donte Rolando Harris ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. The complaint in this action was filed on December 19, 2011, and Plaintiff filed a motion for leave to amend on June 25, 2012. (ECF Nos.. 1, 7.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

In addition, Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009). "The

inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citations omitted).  Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend is DENIED as unnecessary.

IT IS SO ORDERED.

**Dated:   July 11, 2012**                           **/s/ Barbara A. McAuliffe**
                                                             UNITED STATES MAGISTRATE JUDGE