# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS, | 1:11-cv-02123 BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| JESUS A. VALERO, et al., | |
| Defendants. | |

### I.  Screening Requirement and Standard

Plaintiff Donte Rolando Harris ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's second amended complaint, filed on June 24, 2013, is currently before the Court for screening.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] On January 12, 2012, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

II.     **Plaintiff's Allegations**

Plaintiff currently is housed at the Terre Haute Federal Correctional Institution in Terre Haute, Indiana. The events alleged in his second amended complaint occurred while Plaintiff

was housed at United States Penitentiary-Atwater ("USP-Atwater") in Atwater, California. Plaintiff names Special Investigative Services Officer Jesus A. Valero as the sole defendant.

Plaintiff alleges as follows:   On or about November 7, 2007, a Special Investigation Services ("SIS") official seized Plaintiff's incoming mail without the submission of a required confiscation form.  On or about June 5, 2008, Plaintiff requested the status of his outgoing mail and was informed that his mail was in possession of the SIS department.  In May 2009, Plaintiff and other prisoners were called into the Lieutenant's office.  When his name was called, Plaintiff witnessed a large box full of his incoming and outgoing mail that had been seized over time by the SIS department.  Plaintiff asked Defendant Valero for return of the items, but Defendant stated, "I'm not giving you anything, I don't understand any of it, ask Valerie Stewart, she'll decide what to do with it."

On or about February 23, 2009, Plaintiff tried to mail a potential legal document addressed to his family for filing with the Uniform Commercial Code office.  Defendant intercepted this outgoing mail item.  Despite submitting the required confiscation form, Defendant executed an incident report against Plaintiff.  Defendant reportedly rewrote the same incident report twice in an effort to sanction Plaintiff.

On or about December 28, 2009, Plaintiff was placed in the Special Housing Unit ("SHU") at USP-Atwater for investigation reasons.  Plaintiff contacted 2A unit manager, J. Ciufo, concerning his placement in the SHU.  J. Cuifo specifically stated, "You know why you're down here, for your UCC antics.  Talk to Zaragoza and Valero, they know more than I do."

On or about August 5, 2010, Plaintiff submitted a staff request to SIS Lt. Zaragoza about the continuous seizure of Plaintiff's mail without providing a confiscation form.  Defendant elected not to respond to Plaintiff's request.

On or about July 26, 2010, while in the SHU, Plaintiff's family sent a certified mail package containing legal papers and other leisure information.  Without providing the necessary confiscation form, Defendant seized this mail item.  Plaintiff was unaware of this seizure until July 29, 2010, when J. Cuifo informed Plaintiff of this item's existence.  After repeated requests

1  to the SHU Lieutenant, Defendant came to the SHU and gave the mail item to Plaintiff, stating
2  "You can have this, all we're concern [sic] with is UCC documents."
3        The day after Plaintiff's placement in the SHU on December 29, 2009, the SHU property
4  room officer inventoried Plaintiff's personal property.  The property office catalogued two photo
5  albums with 645 photos of family and friends.
6        Plaintiff remained in the SHU from December 29, 2009 until December 7, 2010.
7  Plaintiff's property was secured in the SHU property room for 11 months without incident.
8  When Plaintiff was no longer at USP-Atwater, his photo albums disappeared.
9        On or about April 27, 2009, Plaintiff initiated a Bivens action against Defendant for
10 violation of the First and Fifth Amendments.  Defendant knew of the action because Defendant
11 personally handed Plaintiff a court stamped filing in its original envelope.  Plaintiff has
12 continued to suffer from the deprivation of his personal property, 645 photos of family and
13 friends, after his transfer to another institution.
14       Plaintiff alleges that it was Defendant that confiscated his property once it was released
15 from the SHU property room.  When Plaintiff received his property at FCI-Terre Haute, it was
16 missing the two photo albums with 645 pictures.  Plaintiff contends that Defendant Valero had
17 no other reason to take Plaintiff's photos except for Plaintiff's exercising his right to redress
18 against Defendant for seizing his incoming/outgoing mail.

### III.     Discussion

#### A.   Bivens Claim for Intentional Deprivation of Property in Violation of the Due Process Cause

22 Plaintiff has raised a Bivens claim for deprivation of property in violation of the Due
23 Process Clause.  This claim is foreclosed by the existence of a meaningful post-deprivation
24 remedy for the loss.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Such a remedy exists in the
25 Prison Administrative Remedy Program.  28 C.F.R. §§ 542.10-542-16.
26       This claim cannot be cured by amendment.
27 ///
28 ///

**B. Federal Tort Claims Act ("FTCA")**

To the extent Plaintiff is pursuing a FTCA claim for the confiscation of his property in this action, he may not do so. First, Plaintiff has not named a proper defendant. In a FTCA action, the United States is the only proper defendant. Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995). Second, and more importantly, Plaintiff's claim regarding the confiscation of his property is barred by the FTCA's exception for detention of goods by a law enforcement officer. 28 U.S.C. § 2680(c). The FTCA waives the federal government's immunity from suit for certain torts of its employees. Fang v. United States, 140 F.3d 1238, 1241 (9th Cir.1998) (quoting Dalehite v. United States, 346 U.S. 15, 17, 73 S.Ct. 956, 97 L.Ed. 1427 (1953)). This waiver is subject to specific exceptions, including "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by . . . any . . . law enforcement officer." 28 U.S.C. § 2680(c). This exception is broad enough to include prison guards that are alleged to have deliberately stolen or destroyed private property. See Daley v. United States, 2009 WL 1047930, at *4 (D. Ariz. Apr. 20, 2009) (citing Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008). The federal government has not waived its sovereign immunity from, and the federal courts do not have subject matter jurisdiction over, Plaintiff's FTCA claims for deprivation of property.

This claim cannot be cured by amendment.

**C. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a civil rights claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a [federal] actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir.2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

Despite being provided with the standards for a retaliation claim and being notified of the deficiencies in his earlier pleading, Plaintiff has failed to state a cognizable retaliation claim against Defendant Valero in his second amended complaint. The second amended complaint contains only conclusory assertions that Defendant Valero took the photo albums in question. Plaintiff has not set forth factual allegations, in even the barest way, to demonstrate that Defendant Valero somehow accessed Plaintiff's SHU property. Plaintiff also has failed to allege any specific facts to suggest that Defendant Valero read or opened Plaintiff's legal mail to learn of any protected activity on the part of Plaintiff. In short, Plaintiff has failed to plausibly allege an adverse action on the part of Defendant Valero and has failed to allege that his lawsuit was a substantial or motivating factor in the alleged disappearance of his photo albums.

**IV.     Conclusion and Order**

Plaintiff's second amended complaint fails to state a cognizable claim against Defendant Valero. Plaintiff cannot cure the due process or FTCA claims by amendment, and despite an opportunity to amend, and as discussed above, it does not appear that Plaintiff can cure the remaining deficiencies identified by the Court. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, it is HEREBY ORDERED that this action is DISMISSED, with prejudice, for failure to state a claim. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **August 23, 2013**               /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE