UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS A. VALERO, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-02123-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 16) |

### I. Introduction

Plaintiff Donte Rolando Harris ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). On June 10, 2013, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, determined that Plaintiff failed to state a cognizable claim and granted Plaintiff leave to amend. Plaintiff filed a second amended complaint on June 24, 2013. (ECF No. 13.) On August 23, 2013, the Court screened Plaintiff's second amended complaint, found that Plaintiff again failed to state a cognizable claim and dismissed the action with prejudice. (ECF No. 14.) Judgment was entered against Plaintiff on August 23, 2013. (ECF No. 15.) Currently pending before the Court is Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) filed on September 3, 2013.

///

**II.     Discussion**

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir.1999) (internal citation omitted).  In seeking reconsideration, Plaintiff alleged neither the discovery of new evidence nor an intervening change in the controlling law.  Accordingly, the only issue is whether the Court committed clear error in dismissing Plaintiff's second amended complaint.

The Court dismissed Plaintiff's second amended complaint for recovery of his property because an adequate post-deprivation remedy existed and he could not maintain a federal tort claim in this action.  The Court also dismissed Plaintiff's claim that Defendant Valero took his property in retaliation for Plaintiff filing a lawsuit because the second amended complaint lacked sufficient factual allegations to state a claim.  (ECF No. 14.)

Plaintiff first argues that the Court erred by stating that "Plaintiff has not utilized the BOP's post-deprivation remedy for loss."  (ECF No. 16, p. 2.)  To support his argument, Plaintiff cites exhibits demonstrating his resort to the administrative process.  (ECF No. 16, p. 7.)  Contrary to Plaintiff's argument, the Court did not find that Plaintiff had failed to utilize the post-deprivation remedy for his loss.  Rather, the Court found that Plaintiff's Due Process claim for intentional deprivation of property was foreclosed by the existence of such remedies.  (ECF No. 14, p. 4.)  In other words, Plaintiff could not pursue a Due Process claim for the deprivation of his property in this action because a port-deprivation remedy exists.

Plaintiff next argues that the Court erred by stating that Plaintiff did not name the proper party/defendant and that the federal government has not waived its sovereign immunity.  To support this argument, Plaintiff provides documents indicating that he initially attempted to bring suit against the United States and that he was informed he could file a suit pursuant to the Federal Tort Claims Act.  (ECF No. 16, pp. 2, 5, 7-8.)  Plaintiff has not identified any error in the Court's determination that Plaintiff cannot pursue a Federal Tort Claims Act suit for the confiscation of his property.  As noted by the Court, the United States is not a party to this action and it has not waived federal

2

government immunity for claims arising from the detention of property by any law enforcement officer.  28 U.S.C. § 2680(c).  Further, Plaintiff has included an exhibit from the United States Department of Justice expressly informing him that he could not file suit in the United States District Court related to the alleged loss of his personal property.  (ECF No. 16, p. 9.)

As a final matter, Plaintiff argues that Court improperly determined that Plaintiff had failed to demonstrate that Defendant Valero either accessed his property or that Defendant Valero knew of Plaintiff's protected activity by opening his mail.  (ECF No. 16, p. 3.)  The Court found that Plaintiff failed to state a claim for retaliation against Defendant Valero because, in part, Plaintiff asserted only conclusory allegations that Defendant Valero had taken his property.  (ECF No. 14, p. 6.)  Plaintiff now alleges that on February 18, 2011, his property "was collected out of SHU property room by R&D staff, thereafter turned over to the SIS, Special Investigative Service of USP-Atwater" and Defendant Valero "is a technician staff of the SIS." (ECF No. 16, p. 2.)  Even with the additional allegations, Plaintiff's retaliation claim lacks sufficient factual detail to allow the Court to reasonably infer that Defendant Valero is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,1949 (2009).  The Court is not required to indulge in an unwarranted inference that simply because Defendant Valero was a SIS staff member he took any of Plaintiff's property.  Doe I v. Wal-Mart-Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

### III.   Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **October 7, 2013**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE